# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LESHUNTA FINLEY-SANDERS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. §2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:20-CR-263-MLB-JKL |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-2979-MLB-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Leshunta Finley-Sanders filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. §2255 to challenge the constitutionality of her convictions and sentences following her guilty plea in the Northern District of Georgia. (Doc. 51). On March 23, 2022, I entered a report and recommendation ("R&R") which recommended denying the §2255 motion and denying a certificate of appealability ("COA"). (Doc. 60). After I entered the R&R, Movant filed three motions: (1) a motion for a COA [Doc. 62]; (2) a motion for extension of time to file objections [Doc. 63]; and a motion to appoint counsel to help her with this §2255 motion [Doc. 64]. The District Judge granted Movant's motion for an extension of time to file objections, and referred the other two motions to me. (Doc. 65). Both motions should be denied.

First, Movant indicates that she wants a COA specifically so she can challenge the calculation of restitution in any appeal. (Doc. 62). It is well-established,

however, that a defendant may not challenge restitution in collateral proceedings, including proceedings like the present one based on §2255. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (holding challenges to restitution orders are not cognizable under §2255 even if defendants simultaneously assert claims challenging their custody); *Mayol v. United States*, No. 15-20383-CR-UNGARO, 2019 WL 4738680, at *4 (S.D. Fla. Aug. 19, 2019) (finding claim of ineffective assistance of counsel for failing to request either a jury trial or evidentiary hearing on the restitution amount not cognizable under §2255), *report and recommendation adopted*, 2019 WL 4737698 (S.D. Ga. Sept. 27, 2019); *see also Odum v. United States*, No. CR615-008, 2016 WL 7479545, at *3 (S.D. Ga. Nov. 10, 2016) (citing *Mamone* for the proposition that a defendant cannot "bootstrap a restitution . . . claim into his §2255 motion"), *report and recommendation adopted*, 2016 WL 7477766 (S.D. Ga. Dec. 29, 2016). Indeed, the R&R notes that to the degree Movant attempted to challenge the restitution portion of her sentence by arguing that counsel was ineffective in failing to object to the restitution amount, any such challenge is not cognizable under §2255. (Doc. 60 at 22.) She points to no authority to suggest my conclusion was wrong, and I see no reason to depart from it now.

Insofar as Movant raised claims of ineffective assistance of counsel, in the R&R I also found that Movant did not make a "substantial showing of the denial of a constitutional right" as required for a COA under 28 U.S.C. §2253(c)(2), or that

she demonstrated that reasonable jurists would find my decision debatable or wrong. She still has not done so. As a result, a COA should be denied.

Second, Movant's request for counsel is due to be denied. There is no right to counsel in §2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). In addition, Movant's theories in this case are not so novel or complex as to require appointed counsel.

For these reasons, I **RECOMMEND** that the motion for COA [Doc. 62] be **DENIED** and **ORDER** that the motion for counsel [Doc. 64] be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED AND ORDERED** this 21st day of April, 2022.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE