# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

United States of America,

v.                                    Case No. 1:20-cr-263-MLB

Leshunta Finley-Sanders,

                    Defendant.

_____/

## **ORDER**

Movant Leshunta Finley-Sanders moves pro se to vacate her conviction and sentence pursuant to 28 U.S.C. §2255 based on ineffective assistance of counsel. (Dkt. 51.) Magistrate Judge Larkins issued a Report and Recommendation saying the Court should deny her motion. (Dkt. 60.) Movant asked the Court for an extension of time for filing objections, which the Court granted, giving her until May 19, 2022. (Dkts. 63, 65.) Movant also moved for a certificate of appealability and for the appointment of counsel. (Dkts. 62, 64.) Magistrate Judge Larkins issued a second Report and Recommendation saying the Court should deny both of those. (Dkt. 66.) She then filed a motion for leave to amend her §2255 petition, specifically to add another claim for ineffective

assistance of counsel.   (Dkt. 68.)   She also filed a motion for reconsideration of her motions for a certificate of appealability and for the appointment of counsel based on the new argument she seeks to assert in her amended §2255 petition.  (Dkt. 69.)  She never objected to either Report and Recommendation, although she filed a "general objection" saying she had not yet received a copy of (either one) or both Reports.  (Dkt. 70.)  The Court addresses all outstanding motions.

## I.    Background

Movant worked as a bookkeeper from a small company from January 2004 until February 2016.  (Dkt. 23 at ¶12).  The company's owner trusted her to pay the company's bills and gave her access to the company's financial system to do so.  She abused that trust by forging signatures on company checks and fraudulently using the company's ATM and debit cards to steal about $1.1 million.  (*Id*. ¶¶ 12-16).  Movant waived her right to an indictment, and the United States filed a criminal information charging Movant with bank fraud in violation of 18 U.S.C. §1344. (Dkts. 1, 2.).  The information alleged her illegal conduct ran from January 2004 through February 2016 and involved the theft of over $1

million.  (Dkt. 1 at ¶¶ 1-4.)  The indictment identified only one specific transaction, the theft of $6,068.12 on or about June 12, 2015.  (*Id*. at ¶ 5.)

Movant pleaded guilty to the information.  In the first Report and Recommendation, the Magistrate Judge explained, in detail, the Rule 11 colloquy the Court used to confirm Movant understood her rights, was aware of the consequences of pleading guilty, and made a knowing and voluntary decision to plead guilty with the assistance of competent counsel.  (Dkt. 60 at 3-9.)  The Court ultimately sentenced Movant to 37 months imprisonment—the low end of the advisory guideline range.  (*Id*. at 10.)

In her initial §2255 petition, Movant argues her sentence and conviction should be vacated because her lawyer provided ineffective assistance of counsel.  (Dkt. 51.)  She claims her lawyer (1) did not properly advise her of the pros and cons of going to trial rather than accepting a plea; (2) gave Movant improper advice about the strength of the United States's case; (3) failed to object to the Presentence Report; (4) failed to raise the pandemic and Movant's health concerns as a reason for a downward departure; and (5) did not argue for home confinement since Movant is the sole provider for her four-year-old son.  (*Id*.)  In her motion

to amend, she seeks to add a claim that her lawyer was ineffective because she did not inform Movant the charges were barred by the statute of limitations. (Dkt. 68 at 2.) Movant seeks a certificate of appealability, saying "the specific issue that will be argued is the restitution amount which accounted for the most points during sentencing [and] was incorrect." (Dkt. 62.) She also says she needs a lawyer to help with her first §2255 petition. (Dkt. 64.)

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Under 28 U.S.C. §636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Since Movant neither filed any objections to the Reports and Recommendations nor sought another extension of her

4

time to do so, the Court could review for clear error.  But, she has alleged that—at least as of May 16, 2020—she had not received the Reports and Recommendations.  (Dkt. 70.)  The Court thus reviews both de novo.

## III.  Discussion

### A. The First Report and Recommendation

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.   *See* 28 U.S.C. §2255. Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume that [she] stands fairly and finally convicted[.] . . ." *United States v. Frady*, 456 U.S. 152, 164 (1982).  The burden is on the movant to establish her right to collateral relief. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).  A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review to allow for adequate development and presentation of relevant facts. *Massaro v. United States*, 538 U.S.

500, 505-09 (2003). No evidentiary hearing is needed if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b); *see also Rosin v. United States*, 786 F.3d 873, 877 (2015).

"An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). A court may resolve an ineffective assistant claim on either prong. *Pooler v. Sec'y, Fla. Dep't of Corr.*, 702 F.3d 1252, 1269 (11th Cir. 2012); *see also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

To establish deficiency, a petitioner must demonstrate "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521. To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. But, when a defendant claims her counsel's ineffectiveness

deprived her of the right to go to trial, the Court cannot assess what would have happened if the defendant had gone to trial. Of course not. Such a defendant must establish prejudice by showing a "reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Id.* "[A movant's] bare allegation that [s]he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

The Court agrees with the Magistrate Judge's determination that the Movant's first two claims of ineffective assistance of counsel (and all the subparts in her petition) allege she did not enter a knowing and voluntary plea. She alleges her attorney failed to discuss the pros and cons of going to trial versus taking a plea and failed to provide proper advice about the strength of the United States's case against her. (Dkt. 60 at 17.) This includes an allegation her attorney made her believe the United States would not object to her request for a downward departure at sentencing and that her prior conviction would not impact the outcome of her sentencing. In assessing these allegations, the Court compares what Movant now alleges with what she said at her plea hearing. And

"there is a strong presumption that statements made during the plea colloquy are true" and thus "a defendant bears a heavy burden to show that [her] statements under oath were false." *United State v.* Patel, 252 F. App'x. 970, 975 (11th Cir. 2007) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994) and *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.1988)).

Given the clarity of the Movant's admissions during the plea colloquy, the Court adopts the Magistrate Judge's conclusion that she has failed to carry this burden.  As to the strength of the United States's case, the United States provided an extensive summary of Movant's criminal activity, including her unauthorized use of the victim company's debit card, ATM cards, and checks to pay personal expenses and to funnel cash to herself and her husband's company, her theft of around $1.1 million, and her specific forgery of a check made payable to herself in the amount of $6,068.12 as alleged in the criminal information.  (Dkt. 33 at 16-17.) Movant twice acknowledged she had no disagreement with the United States's representations about what she did.  (*Id.*)  In response to a direct question from the Court, she admitted she fraudulently used the

company's credit cards, ATM cards, and checks to pay personal expenses and send money to her husband.  (*Id.* at 18.)

The Court also explained in detail what she would be giving up by pleading guilty and foregoing her right to trial, the possible sentence she faced upon entry of a plea, and the fact the Court was not bound under the plea agreement or guideline calculation—all of which she acknowledged understanding.  She now claims that she did not understand the amount of the loss would be "a huge determining factor in [her] PSR" (Dkt. 51 at 4), but the Court told her that was one of the factors for consideration under the Sentencing Guidelines (Dkt. 33 at 22) and she signed a plea agreement recommending a fourteen-level upward adjustment based on the amount of the loss (Dkt. 23 at 37).

She also claims her lawyer wrongfully advised her that her prior conviction "wouldn't be used in [her] PSR calculation because it was so long ago." (Dkt. 51 at 4.)  But the Court specifically warned Movant that it would do its own calculation of the Sentencing Guidelines and was not bound by any calculation her attorney might have provided.  (Dkt. 33 at 23, 34.)  She acknowledged understanding that.  (*Id.*)  She also claims "her understanding of the plea agreement was that the AUSA would not

object to the downward variance that [her] counsel was going to ask for."
(Dkt. 51 at 5.)   But any such understanding is nowhere in the plea
agreement, and Movant acknowledged at the plea hearing that she had
no agreements with the United States other than those set forth in the
written document.  (Dkt. 33 at 34.)

Movant's own statements during the plea colloquy betray her
recent claims against her lawyer.  She has not rebutted the presumption
that those statements were true or otherwise presented any evidence to
suggest her plea was involuntary or unknowing.

Movant's three other grounds for relief concern her attorney's
conduct at sentencing, specifically her failure to argue about restitution,
to raise the Covid-19 pandemic, or to ask for home confinement on the
grounds she is the sole provider for her family.  As to the first, Movant
agreed in her plea agreement to pay restitution in the amount of $1.1
million, agreed to a forfeiture judgment in the same amount, and agreed
to a loss of between $500,000 and $1.5 million under the Sentencing
Guidelines.  (PSR at ¶¶ 9(C), (G), (H).)   She acknowledged those
recommendations at her plea hearing.  It is strange to argue now that
her lawyer was ineffective in failing to dispute something that she agreed

to in three separate ways.  Her attorney also pointed out that—while restitution was much greater—the victim company at first claimed she stole $200,000 when seeking a warrant for Movant's arrest. (Dkt. 23 at 24.)  The loss amount was not a disputed issue at sentencing.  To the degree Movant challenges actual restitution—rather than loss—any such challenge is not cognizable in a §2255 motion. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (holding challenges to restitution orders are not cognizable under §2255 even if defendants simultaneously assert claims challenging their custody).  And, at any rate, the Court ordered restitution in the exact amount identified as the victim's loss in the Presentence Report—an amount to which Movant voiced no objection. (Dkt. 23 at ¶ 21;  Dkt 16 at 6.)

Movant is also wrong in suggesting her lawyer failed to argue her status as the sole caregiver to her son constitutes a mitigating factor.  She raised that in her sentencing memorandum.  (Dkt. 12 at 16, 20-23, 30.) It is also unclear what health issues she contends her lawyer did not raise.  Again, her attorney raised specific issues about Movant's medical condition in her objections to the Presentence Report to ensure their inclusion in the Report.  (Dkt. 23 at 25-26; PSR at ¶¶ 52-55.)

11

For all of these reasons, the Court agrees with the Magistrate Judge's conclusion that Movant has failed to show any deficiency in her counsel's performance.

Likewise, the Court agrees with Magistrate Judge Larkins' determination that, given the overwhelming nature of the evidence against Movant, her inability to identify a viable defense, and the concessions or benefits the United States offered in the plea agreement (including the agreement not to charge Movant with other criminal charges—some of which could have required minimum, consecutive sentences—to recommend acceptance of responsibility, and to recommend a sentence at the low-end of the guideline range), no rational person in Movant's position would have rejected the plea deal. (Dkt. 60 at 27.) Movant has thus failed to show any prejudice.

## B. Motion to Amend

Movant's motion to amend her initial §2255 petition does not change any of this analysis. She seeks to add a claim her lawyer was ineffective for failing to inform her the criminal charges were barred by the statute of limitations. As part of this, she alleges "the statute of limitations in Georgia for fraud is 4 years" which begins to run "when the

crime could reasonably have been discovered." (Dkt. 68 at 3.)  She also argues that her victim began to suspect she was forging company checks in 2013.  (*Id.* at 2.)  None of this matters.  Movant was not charged under Georgia law, so its statute of limitations for fraud is irrelevant.  She was charged with bank fraud under federal law, which includes a five-year statute of limitations.  *See* 18 U.S.C. §3282 (5-year statute of limitations for non-capital offenses).  As explained, the criminal information alleged her theft continued into 2016.  The United States filed the information on July 23, 2020, making it timely under the federal statute of limitations.

In the light of the clear inapplicability of Movant's statute of limitations argument, the Court finds her amended basis for §2255 relief shows neither a deficiency in her attorney's conduct nor any resulting prejudice to her.  The Court thus grants her motion to amend but still adopts the Magistrate Judge's Report and Recommendation, thereby denying her motion to vacate.

## C. The Second Report and Recommendation and Motion for Reconsideration

The Magistrate Judge recommends denial of Movant's request for a Certificate of Appeal.  She says she needs that to challenge the

13

calculation of restitution on appeal.  But as the Magistrate Judge noted a defendant may not challenge restitution in collateral proceedings, including in a §2255 petition.  *See e.g., Mamone*, 559 F.3d at 1211 (holding challenges to restitution orders are not cognizable under §2255 even if defendants simultaneously assert claims challenging their custody); *Mayol v. United States*, 2019 WL 4738680, at *4 (S.D. Fla. Aug. 19, 2019) (finding claim of ineffective assistance of counsel for failing to request either a jury trial or evidentiary hearing on the restitution amount not cognizable under §2255).  The Magistrate Judge made this point in the initial Report and Recommendation and Movant has identified no authority to the contrary.  If Movant misuses the term "restitution" and seeks to challenge the loss determination, the Court still denies a certificate of appeal given her agreement in the plea agreement as to the amount of the loss and the resulting upward adjustment under the Sentencing Guidelines.[1]

---

[1] The Court raises this possibility because Movant says she wants to challenge "restitution" on appeal because it "accounted for the most points during the sentencing." (Dkt. 62.)  Loss, not restitution, had that impact.

14

For all of these reasons, the Court agrees with the Magistrate Judge's conclusion Movant has not made a "substantial showing of the denial of a constitutional right" as required for a Certificate of Appeal under 28 U.S.C. §2253(c)(2) by showing that reasonable jurists would find the Magistrate Judge's and this Court's assessment of her constitutional claims debatable or wrong.

The Magistrate Judge also determined Movant's request for counsel should be denied as there is not right to counsel in §2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). Given the clear inadequacy of Movant's underlying claims, the Court sees no reason for the appointment of counsel.

Movant seeks reconsideration of her motions for appointment of counsel and for a certificate of appealability based on her motion to amend her original §2255 petition. Because the Court has determined the motion to amend lacks merit, the Court also denies her motion to reconsider.

## IV.   Conclusion

For the reasons set forth above, the Court **GRANTS** Movant's Motion to Amend (Dkt. 68), **ADOPTS** the Magistrate Judge's First and Second Reports and Recommendations (Dkts. 60, 66), and **DENIES** Movant's   Motion to Vacate (Dkt. 51), Motion for Certificate of Appealability (Dkt. 62), Motion for Appointment of Counsel (Dkt. 64), and Motion for Reconsideration (Dkt. 69.)

**SO ORDERED** this 8th day of June, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE